

737

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. C. Smith
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-5345
Re: Does the city marshal of an
incorporated town have au-
thority to make arrests out-
side the town where he is
marshal) and does he have
the right to charge mileage
and arresting fees in such
cases in county and district
court cases?

Your letter requesting an opinion on the above stat-
ed questions has been received and considered by this depart-
ment.

That part of your request concerning the authority
of the city marshal to make arrests outside the town where he
is marshal involves two questions; namely, the right of the
marshal to make such arrests with a warrant, and the right to
make such arrests without a warrant.

The Supreme Court of Texas in the case of Newburn
v. Durham, 88 Tex. 288, 31 S. W. 195, had certified to it the
question of whether the marshal of a town incorporated under
the general laws of this State, by virtue of his office, un-
der the circumstances specified in what is now Article 215,
Code of Criminal Procedure, could lawfully arrest without a
warrant one beyond the limits of the town for a felony commit-
ted within the county, but not within the town. Article 215,
supra, provides for a peace officer to arrest without a war-
rant where it is shown by satisfactory proof to such peace of-
ficer upon the representation of a credible person, that a
felony has been committed, and that the offender is about to
escape, so there is no time to procure a warrant. The court

Honorable S. C. Smith, page 2

held that independent of statute, the authority or jurisdiction of the marshal would not extend beyond the city limits, and that the question was whether the statutes of this State have extended the authority of the marshal in the matter of making arrests beyond the city limits. The court then recited that city marshals were "peace officers," and peace officers could arrest without a warrant under the conditions prescribed in Article 215, supra. That this was a strong implication that a city marshal is placed in the same class with other officers whose jurisdiction extends to the limits of the county. The court further quoted from what was then Article 363, Revised Statutes, (now Article 999) that a marshal "in the prevention and suppression of crime and arrest of offenders he shall have, possess and execute like power, authority and jurisdiction as a sheriff of a county under the laws of the State." As to what extent this language enlarged the power of a city marshal to arrest, the court said:

".. .. we are of the opinion that the language quoted from article 363, above, was intended, 'in the prevention and suppression of crime and arrest of offenders' under the state law, to confer upon the marshal the 'power, authority, and jurisdiction' of a sheriff. Thus, again, we are directed by the legislature to look solely to the sheriff's 'power, authority, and jurisdiction' in order to determine that of the marshal in making arrests of offenders against the state law, without any intimation that the 'power, authority, or jurisdiction' of the latter was to be more circumscribed than that of the former. Power and authority, as applied to executive officers, seem to be convertible terms, for the authority of such officers is their lawful power; but we understand the word 'jurisdiction,' as here used, to refer to the territory in which such power or authority can be exercised. Since the jurisdiction of the marshal is measured by that of the sheriff in the prevention and against the laws of the state, it must be co-extensive with the limits of the county. The purpose of the legislature to extend the jurisdiction of the marshal beyond the limits of the town, and make it coextensive with that of the sheriff in the matter of arrests, is further evidenced by the fact that a 'warrant of arrest' may

be directed to him, and such warrant he may execute anywhere in the county. . . ."

The statutes, upon which the foregoing opinion was based, were substantially the same, insofar as they relate to arrests without a warrant, as they are today. Article 363, Revised Statutes 1879, has not been materially changed by the several codifications or by amendments, except in one particular. Said Article contained the following provision, to-wit:

"He (city marshal) shall have like power with the sheriff of the county to execute the writ of search warrant." (Words in parenthesis and emphasis ours)

This provision of our present statute (Article 999, Revised Statutes) provides as follows:

"He shall have like power, with the sheriff of the county, to execute warrants,"

it being the same language as the old statute, except the word "search" has been omitted.

The purpose of our present statute is clear. It gives the marshal all the power or authority to execute a warrant possessed by the sheriff of the county. The sheriff of the county has the undoubted authority to execute warrants within and beyond his county within the confines of the State, provided that before a warrant issued by a county commissioner, commissioners' court, mayor or recorder of an incorporated town may be legally executed in a county other than the county where issued, it must be indorsed as required by Article 225 of the Code of Criminal Procedure. In 38 Tex. Jur., p. 434, we find the following statement:

"The power of arrest possessed by a constable and a city marshal also extends to the whole county, and beyond when acting under a lawful warrant, since they are peace officers." (Citing the case of Newburn v. Durham, 88 Tex. 288, 31 S. W. 195)

The foregoing quotation is equally applicable where the constable or city marshal acts under a lawful capias. See

Honorable S. C. Smith, page 4


Articles 441, 453, Code of Criminal Procedure, and Loyd v. State, 159 S. W. (2d) 872.

Article 37 of the Code of Criminal procedure makes it the duty of all peace officers to arrest offenders without warrant in every case where they are authorized by law. City marshals are peace officers. Article 36, Code of Criminal Procedure.

Some of the principal statutes, authorizing arrests without warrant by peace officers, are Articles 212, which also authorizes "any person" to make an arrest without warrant in instances therein named, 213, 215, 244 of the Code of Criminal Procedure, and Articles 156, 487, 652a (Sec. 10), 646 (Sec. 5), and Article 803 of Vernon's Penal Code.

In view of the decision of the Supreme Court in Newburn v. Durham, supra, the statutes, and other authorities cited, we are of the opinion that the power of arrest possessed by a city marshal extends to the whole county and beyond when acting under a lawful warrant or capias; and that within his county, he may make an arrest without a warrant in all instances where the sheriff of his county is authorized by statute to make arrests without a warrant, and in some instances, not necessary here to particularize, may make arrests within his city without a warrant which the sheriff is not authorized to make. Bennett v. State, 136 Cr. R. 192, 124 S. W. (2d) 359; Continental Casualty Co. v. Miller, 135 S. W. (2d) 501.

We will now consider the right of a city marshal to collect statutory fees where he makes an arrest without the city limits with or without a warrant.

Keeping in mind that a city marshal is a peace officer and our answer to your first question, we direct your attention to certain articles of Vernon's Code of Criminal Procedure. Article 1065 prescribes certain fees allowed to sheriffs or other peace officers in misdemeanor cases. Article 1067 provides as follows:

"Constables, marshals or other peace officers who execute process and perform services for justices in criminal actions, shall receive the same

Honorable S. C. Smith, page 5


fees allowed to sheriffs for the same services."
(Emphasis ours)

Articles 1029 and 1030 prescribe certain fees allowed to sheriffs and constables for particular services rendered in felony cases. Article 1031 provides that when services have been rendered by any peace officer other than a sheriff, such as are enumerated in the two preceding articles, such officer shall receive the same fees therefor as are allowed the sheriff, and prescribes the procedure to be followed for the collection of same.

Therefore, it is our opinion that a city marshal is entitled to the same fees for services actually performed as are allowed a sheriff for such services under said Articles 1065, 1029 or 1030.

Trusting we have satisfactorily answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Fred C. Chandler_
Fred C. Chandler
Assistant

By _Robert O. Koch_
Robert O. Koch

APPROVED JUL 23

FIRST ASSISTANT
ATTORNEY GENERAL

ROK:db


APPROVED
OPINION
COMMITTEE
BY BWB